**Valentin MARINEZ, Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 13-81-070-CR.**

Court of Appeals of Texas, Corpus Christi.

May 5, 1983.

Charles L. Williams, Clusing, Sharpe, Villarreal & Williams, Kingsville, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of burglary of a habitation, under Sec. 30.02(a)(1) Tex. Penal Code Ann. (Vernon 1974). The indictment alleged that appellant entered a habitation with the intent to commit rape. The evidence shows that appellant committed the offense of rape after entering the habitation. The jury found appellant guilty and assessed punishment at five years in the Texas Department of Corrections.

Although appellant challenges the sufficiency of the evidence in his third ground of error, only a brief review of the facts is necessary. The prosecutrix testified that on the night of the offense she was lying in bed waiting for her husband to come home. She went to sleep but awoke when someone lay down beside her. She then turned over, realized the person was not her husband, and was then forced to have intercourse with the appellant. It is undisputed that the prosecutrix had known the appellant for several weeks prior to the incident. Appellant testified that the prosecutrix invited him to spend the night and that the sexual intercourse was with her consent.

In his first two grounds of error, appellant contends that the trial court erred in failing to grant the appellant's motion for new trial because of jury misconduct. At the hearing on appellant's motion for new trial, it was uncontroverted that jury foreman Brian Kreigel and some other jurors stated their beliefs that the appellant had been trained and coached by his attorney. Nothing in the affidavits or testimony of any juror, however, indicates that Kreigel or the other jurors had obtained any evidence that the appellant had been coached. Generally, it is within the province of the jurors to judge the demeanor of the witnesses and discuss their impressions with each other. In this case, certain jurors felt that the appellant had been coached

because his testimony contained no discrepancies. There is no evidence that any juror was relying on any outside information except for his own observations of the witness in making statements that appellant had been coached. No error is shown. *Hill v. State,* 153 Tex.Cr.R. 105, 217 S.W.2d 1009 (1948). Appellant's first ground of error is overruled.

Appellant also contends that the trial court's judgment should be reversed because juror Solesky told the jury that he knew something about the appellant that would make the jury feel very bad if a not guilty verdict was returned. He did not elaborate. Evidence adduced on appellant's motion for new trial revealed that juror Solesky made this statement at least once, and perhaps twice. There was conflicting evidence as to whether Solesky was admonished not to make such statements.

Issues of fact as to jury misconduct raised on a motion for new trial are for the determination of the trial court. *Carrillo v. State,* 566 S.W.2d 902 (Tex.Cr.App.1978); *Hunt v. State,* 603 S.W.2d 865 (Tex.Cr.App.1980). In this case, the trial court heard testimony from several jurors, found that juror Solesky made such a remark, that it was made as a passing remark, and that he was cut off from further discussion by the jury foreman. Where the alleged misconduct was made the subject of investigation by and under the direction of the trial judge and the issue of misconduct is settled in favor of the State upon conflicting evidence, the decision of the judge will be given as much consideration on appeal as would be given to the verdict of a jury on any other question of fact, and if there is sufficient evidence to justify the action of the trial judge his decision thereon will not be disturbed on appeal. *Scrivnar v. State,* 50 S.W.2d 329 (Tex.Cr.App.1932).

It is thus apparent that the trial court was free to believe those jurors which testified that the statement was made in passing and that juror Solesky's remark was promptly stopped by admonishment. Although the trial court's findings are supported by the record, we must also decide whether any evidence adverse to the defendant is received by the jury after it retires to deliberate. *Rogers v. State,* 551 S.W.2d 369 (Tex.Cr.App.1977). Art. 40.03(7) was designed to guarantee the integrity of the fundamental right to trial by jury by restricting the jury's consideration to evidence that was properly introduced during the trial. Testimony or evidence received by the jury outside the courtroom has always been contrary to the constitutional provision which accords the defendant the right to be confronted by the witnesses against him. *Pafford v. State,* 138 Tex.Cr.R. 299, 135 S.W.2d 990 (1940).

In *Stephenson v. State,* 571 S.W.2d 174 (Tex.Cr.App.1978), the Court of Criminal Appeals warned against an overly broad application of Art. 40.03(7). The Court noted that for other evidence to result in reversal, the evidence must be received by the jury, and be detrimental to the accused. The Court said that whether the jury has *received* other evidence is a question of degree, and that "a passing remark would not constitute a receipt of other evidence." Moreover, even if evidence is received, an effective corrective action could remove the taint of such receipt just the same as does an instruction to disregard improper evidence heard at trial. *Stephenson,* supra.

In this case, we hold that the trial court did not err in finding that juror Solesky's remark was made in passing. As such, the jury did not "receive" other evidence. Even if it could be said that it did, the jury foreman's admonishment removed any taint. Appellant's second ground of error is overruled.

In his third ground of error, appellant contends that the evidence is insufficient to show that he intended to commit rape upon entry. The question of intent with which an accused enters a dwelling is a fact question for the jury, *Stearn v. State,* 571 S.W.2d 177 (Tex.Cr.App.1978), and the felonious intent with which a defendant entered is normally inferred from the events which occur while the burglary is in progress. *Sanchez v. State,* 158 S.W.2d 801,

803 (Tex.Cr.App.1942). The evidence in the record that appellant forced the prosecutrix to engage in sexual intercourse with him was sufficient to show that he entered the habitation with the intent to commit rape. Appellant's third ground of error is overruled.

In his fourth ground of error, appellant contends that the trial court erred in overruling his motion for mistrial because the prosecutor persistently disregarded the trial court's ruling against the admission of hearsay testimony which revealed prior violent acts of the appellant. The portion of the record to which appellant cites us does not show that the prosecutor consistently disregarded the rulings of the trial court. In fact, the record shows that appellant's initial objection was untimely, in that the witness had already explained that she was afraid of the defendant because he had beaten up the girl he was living with on several occasions. When the prosecutor asked who he had beaten up, counsel objected and was sustained. No additional relief was sought. The prosecutor then again asked who the defendant had beaten up, counsel objected, and the trial court sustained the objection. No additional relief was sought. Later on, the witness, in a non-responsive answer, mentioned that the appellant beat up someone. Counsel then objected and asked that the jury be instructed to disregard the testimony. The trial court so instructed the jury. Counsel then moved for a mistrial, which was denied.

An instruction by the trial court to disregard testimony is generally sufficient to cure any errors. *McCarter v. State,* 527 S.W.2d 296 (Tex.Cr.App.1975). While the prosecutor should not have asked the same question after defense counsel's objection was sustained, we find that the trial court's instruction cured any error in this case. See *Campos v. State,* 589 S.W.2d 424 (Tex.Cr.App.1979); *Yarbrough v. State,* 617 S.W.2d 221 (Tex.Cr.App.1981). Appellant's fourth ground of error is overruled.

In his fifth and sixth ground of error, appellant complains that the jury was not instructed on the law of circumstantial evidence. This is not a circumstantial evidence case. Appellant's fifth and sixth grounds of error are overruled.

The judgment of the trial court is AFFIRMED.