Gert BAHLO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–0797–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 20, 1986.

J. Philip Scardino, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., William J. Delmore, III, Kirk Oncken, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

OPINION

WARREN, Justice.

After a jury trial, appellant was convicted of driving while intoxicated. The court assessed punishment at confinement for one year, probated for two years, and a $350 fine.

In his sole ground of error, appellant contends that the trial court erred in denying his motion for a new trial. His motion alleged jury misconduct depriving appellant of a fair and impartial trial, Tex.Code Crim. P.Ann. art. 40.03(8) (Vernon 1979), and that the jury received other evidence after retiring to deliberate, Tex.Code Crim.P.Ann. art. 40.03(7) (Vernon 1979). The State contends that any error was waived because the appellant failed to introduce any evidence at the hearing on his motion for a new trial.

■ Because it was not verified and there were no affidavits attached, appellant's original motion for new trial was

fatally defective. *Dugard v. State*, 688 S.W.2d 524 (Tex.Crim.App.1985); *Carruthers v. State*, 143 Tex.Crim. 45, 156 S.W.2d 988 (1941). However, on the date set for hearing, appellant filed a second, verified motion with two jurors' affidavits attached. This motion was timely filed within 30 days of sentencing and prior to the determination of his original motion. Tex.Code Crim. P.Ann. art. 40.05(b) (Vernon Supp.1986). Both motions allege the same two grounds for a new trial, as follows:

I

Defendant was deprived of a fair and impartial trial as a result of the misconduct of the jury, to wit: A juror stated to other jurors prior to the conclusion of evidence that he had made up his mind that the defendant was guilty and did not need to hear further evidence.

II

After retiring for deliberations, the jury received additional evidence being detrimental to the defendant, to wit: A statement by a juror that he knew a doctor and because of what the doctor told him he concluded the Defendant was guilty.

The initial question before this Court is whether the jurors' affidavits were in evidence. If the State takes issue with the defendant upon the truth of any cause set forth in the motion for a new trial, the court may hear evidence, by affidavit or otherwise, and determine the issue. Tex. Code Crim.P.Ann. art. 40.06 (Vernon 1979). However, an affidavit attached to a motion for a new trial is only a pleading that authorizes the introduction of evidence, it is not evidence itself; and it needs to be introduced as such at the hearing on the motion in order to constitute evidence on the motion. *Rios v. State*, 510 S.W.2d 326 (Tex.Crim.App.1974). The following occurred at the hearing on appellant's motion:

[APPELLANT'S ATTORNEY]: If I may address the Court, your honor. In the case of the State of Texas vs. Gert Bah-

lo, a case that was tried some weeks ago. The defense has filed a Motion for New Trial and attached to the Motion for New Trial are two affidavits from jurors who sat in that case, your honor. We would like for the Court to review those affidavits at this time.

(THE COURT REVIEWED THE AFFIDAVITS.)

THE COURT: You may proceed.

[APPELLANT'S ATTORNEY]: Let me address the Court further, your honor. The basis for our motion for a new trial lies in three areas. . . .

Although the appellant never used the words "I offer these in evidence", the affidavits were not marked, and the trial court never said that they were admitted, the State did not object to the trial court "reviewing" the affidavits. In his "address" to the court, appellant's attorney argued,

These two jurors who appeared by affidavit, Juror Marsh and Juror Blankenship had indicated that up until the last charge of the Court, the Allen Charge, the verdict was five to one for not guilty.

Later the following occurred:

THE COURT: Okay. Now do you have anything . . . that you would like to submit to the Court?

[APPELLANT'S ATTORNEY]: Not in an evidentury (sic) matter, your honor. Only in the form of addressing the Court.

THE COURT: I am going to give you a chance for argument in a minute. Do you have any other evidentury (sic) matters that you would like to present.

THE COURT: What about you [Mr. Oncken]?

[THE PROSECUTOR]: Judge, we would just ask the court to take judicial notice of the Court's file in this case.

[APPELLANT'S ATTORNEY]: We would just ask that the affidavit, the originals which are attached, be filed with the Motion for New Trial and are made part and parcel of our motion.

THE COURT: They may be made part of the record, yes, sir. Anything else be-

fore the Court rules on your Motion for New Trial?

[APPELLANT'S ATTORNEY]: That is all that we have evidentury (sic).

Under these facts, we find that the parties and the trial court treated the affidavit as if they had been offered in evidence, and that they were in evidence. *Compare James v. State*, 643 S.W.2d 439 (Tex.App.— Houston [14th Dist.] 1982) *pet. ref'd.*, 640 S.W.2d 910 (Tex.Crim.App.1982) (Onion, J. concurring) (where stipulated evidence held in evidence though not formally admitted); *contra White v. State*, 657 S.W.2d 877 (Tex.App.—Fort Worth 1983, no pet.).

Issues of fact as to jury misconduct are for the determination of the trial judge, and the court's decision will not be reversed unless an abuse of discretion is shown. *Beck v. State*, 573 S.W.2d 786 (Tex.Crim.App.1978). We next consider whether the trial court abused its discretion in denying appellant's motion.

■■■ Contrary to the statement in appellant's motion that the third juror had "made up his mind" and "did not need to hear further evidence," the evidence showed only that, prior to the close of evidence, the juror expressed his opinion that the defendant was guilty. There was no showing that the juror refused to consider evidence later adduced. The mental processes by which a juror reaches his verdict are not grounds for reversal. *Adams v. State*, 481 S.W.2d 884 (Tex.Crim.App. 1972). Furthermore, as in *Adams*, there was no showing that the third juror's statement influenced any other juror. The trial judge did not abuse his discretion in denying the motion for a new trial based on juror misconduct.

Contrary to the statement in appellant's motion that a doctor told the third juror something specific and detrimental, the affidavits of the jurors merely related that the third juror:

stated that he had information unavailable to the other jurors that indicated that the Defendant was guilty, i.e. that he had a Mercedes himself and that his roommate was a doctor.

Tex.Code Crim.P.Ann. art. 40.03 states that a new trial shall be granted in a felony case:

7) Where the jury, after having retired to deliberate upon a case, has received other evidence; or where a juror has conversed with any person in regard to the case....

Tex.Code Crim.P.Ann. art. 40.04 (Vernon 1979) makes art. 40.03 applicable to misdemeanor cases.

■■■ In order for a new trial to be mandated because the jury received other evidence during deliberations, a two-pronged test must be satisfied: 1) the evidence must be received by the jury, and 2) it must be detrimental to the defendant. *Stephenson v. State*, 571 S.W.2d 174 (Tex.Crim. App.1978). In *Stephenson*, the Court of Criminal Appeals warned against an overly broad application of art. 40.03(7). The court said that whether the jury has received other evidence is a question of degree, and that a "passing remark would not constitute a receipt of other evidence."

■■■ In the present case, there was no showing that there was any consideration of the third juror's statement, and no indication that anyone's vote was affected by that statement. The record does not indicate that there was any discussion of the remark at all. On these facts, the trial court could have found that the juror's remark was not received by the other jurors. *Marinez v. State*, 654 S.W.2d 500 (Tex.App.—Corpus Christi 1983, no pet.).

Furthermore, we find that the information conveyed, i.e., that the juror had a Mercedes and that his roommate was a doctor, was not detrimental to appellant. Testimony at trial showed that a State Trooper observed appellant speeding and swerving while driving a Mercedes automobile. The appellant testified that while he was driving, the dashboard lights went out because of a blown fuse, and that he bent to check it. Appellant admitted that he had had four drinks at a dinner party but denied that he was intoxicated at the time he drove his car. An intoxilyzer reading

of .18% was admitted into evidence. Several defense witnesses, who had spent the evening with appellant, testified that he was not intoxicated when he left the party.

In *Collier v. State*, 164 Tex.Crim. 91, 297 S.W.2d 160 (1956), the court held that, to require reversal, a juror's statement during the jury's deliberations must be such that reason and common sense can see it was harmful to the accused. In determining what is proper discussion among jurors, regard must be had for the fact that jurors will necessarily be affected by their past experiences and situations. *Bartell v. State*, 464 S.W.2d 863 (Tex.Crim.App.1971).

During his trial, appellant explained why his car swerved. The juror did not tell the jury anything about Mercedes automobiles that indicated that appellant was guilty or that was detrimental to appellant's case. There was no medical testimony at trial, and the fact that the juror's roommate was a doctor was not detrimental to appellant's case. The information in the affidavit contained few factual allegations, none of which were of such character as to require the granting of a new trial. *Smith v. State*, 675 S.W.2d 300 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd). We hold that the trial judge did not abuse his discretion in denying the motion for a new trial based on receipt of other evidence.

Appellant's ground of error is overruled, and the judgment is affirmed.

JACK SMITH, J., concurs in the result.

JACK SMITH, Justice, concurring.

I concur with the result in this cause because, in my opinion, appellant failed to offer any evidence in support of his motion for a new trial.

An affidavit attached to a motion for a new trial is only a pleading that authorizes the introduction of evidence; it is not evidence itself; and it needs to be introduced as such at the hearing on the motion in order to constitute evidence on the motion. *Rios v. State*, 510 S.W.2d 326 (Tex.Crim. App.1974). The appellant neither had the jurors' affidavits attached to his second motion marked, nor did he offer them into evidence. The trial court never admitted the affidavits as evidence. In fact, appellant stated that he had no evidence to submit to the court in support of his motion.

Under almost identical circumstances, the Fort Worth Court of Appeals has found that such affidavits were not in evidence. *White v. State*, 657 S.W.2d 877 (Tex.App.—Fort Worth 1983, no pet.). I agree with the State that appellant failed to introduce any evidence in support of his motion. Therefore, appellant's sole ground of error is properly overruled.