Opinion issued on October 16, 2003





 


 


In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00902-CR
____________

CARLOS GODOY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 875676




O P I N I O N
          Appellant, Carlos Godoy entered a negotiated plea of guilty to a felony charge
of driving while intoxicated (DWI) and was sentenced for five years’ confinement,
suspended to five years’ community supervision, and a $500 fine. A year later, the
State moved to revoke community supervision for appellant’s violation of the terms
of his community supervision. After appellant pleaded true to the State’s allegations,
the trial court revoked his probation and assessed punishment at two years’
confinement and a $500 fine.
          Appellant complains on appeal that the trial court abused its discretion in
denying his motion for new trial, which alleged appellant did not have the requisite
mental capacity to plead guilty to the initial DWI or to plead true to the motion to
revoke community supervision. Appellant further argues that trial counsel was
ineffective for failing to investigate and raise the issue of appellant’s mental
condition. We affirm.
BACKGROUND
          Appellant was charged with the felony offense of driving while intoxicated. 
Appellant waived his constitutional rights, stipulated that the allegations in the
indictment were true, and entered a plea of guilty pursuant to a plea bargain, in which
he was placed on five years’ community supervision. The trial court admonished
appellant of the consequences of his plea in writing and appellant waived his right to
appeal.
          Less than a year later, the State filed a motion to revoke community
supervision, alleging that appellant violated the conditions of his community
supervision by failing to pay fines and fees and driving while his driver’s license was
suspended. Appellant filed a “Stipulation of Evidence,” which included a waiver of
his rights, a judicial confession, and a stipulation that the allegations in the State’s
motion to revoke community supervision were true. In a hearing on the State’s
motion to revoke, the trial court found the allegations in the State’s motion were true,
revoked appellant’s community supervision, and assessed appellant’s punishment at
two years’ confinement and a $500 fine. 
          Appellant filed a motion for new trial, alleging that due to his diminished
mental state, his plea of true was “not knowingly and voluntarily done.” In support
of his motion, appellant submitted 11 affidavits from family members, all declaring
a deterioration in appellant’s mental function. He also submitted medical records
from two physicians. The trial court reviewed the motion, attached documents, and
affidavits, and, overruled appellant’s motion. Appellant timely filed a written notice
of appeal. DISCUSSION
          In his first and second issues, appellant complains that the trial court abused
its discretion by denying his motion for new trial, arguing that appellant did not have
the requisite mental capacity to plead guilty, knowingly and voluntarily, to the initial
DWI, or to plead true to the motion to revoke community supervision.
Initial Conviction
          In his first issue, appellant asks that we reverse his initial conviction for DWI,
contending that his plea of guilty was not voluntary due to his “diminished mental
capacity” and that he was denied effective assistance of counsel because his trial
counsel did not adequately investigate appellant’s mental condition and improperly
advised him to plead guilty. 
          Under Texas law, a defendant placed on community supervision may raise
issues relating to the conviction only in appeals taken when community supervision
is originally imposed. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App.
1999); see also Tex. Code Crim. Proc. Ann. art. 42.12 (Vernon Supp. 2003) (“The
right of the defendant to appeal for a review of the conviction and punishment, as
provided by law, shall be accorded the defendant at the time he is placed on
community supervision.”) (emphasis added). In other words, issues relating to a
defendant’s conviction may not be raised in appeals filed after community
supervision is revoked. Manuel, 994 S.W.2d 658 at 661-62.


 
          Furthermore, appellant waived his right to appeal his original DWI conviction
when he pleaded guilty. See Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston
[1st Dist.] 1988, no pet.). Thus, even if appellant had not waived his right to appeal
at the time of the plea, he subsequently waived any right by waiting until after his
community supervision was revoked to present his complaints relating to his
conviction. See Manuel, at 661-62. 
Motion to Revoke 
          In his second issue, appellant contends that, because he was incompetent when
he pleaded true, the trial court erred in denying his motion for new trial on the
revocation of community supervision. We review a trial court’s denial of a motion
for new trial for abuse of discretion. Salazar v. State, 38 S.W.3d 141, 148 (Tex.
Crim. App. 2001). The trial court is given great deference, and may be overruled only
if its decision is arbitrary or unreasonable. Lewis v. State, 911 S.W.2d 1, 7 (Tex.
Crim. App. 1995).
          The credibility of witnesses is primarily a determination for the trial court. 
Taylor v. State, 945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist] 1997, pet.
ref’d). Accordingly, the trial judge may accept or reject any or all of the witnesses’
testimony. Id. The trial judge is not required to believe a defendant’s testimony or
evidence simply because it is uncontroverted. Johnson v. State, 571 S.W.2d 170, 173
(Tex. Crim. App. [Panel Op.] 1978); Messer v. State, 757 S.W.2d 820, 828 (Tex.
App.—Houston [1st Dist.] 1988, pet. ref’d.). We afford almost total deference to a
trial court’s determination of historical facts that the record supports, especially when
the findings are based on the evaluation of credibility and demeanor. Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 
           In a motion for new trial, a trial court may receive evidence by affidavits. Tex.
R. App. P. 21.7. However, affidavits supporting the motion must be offered into
evidence. Lamb v. State, 680 S.W.2d 11, 13 (Tex. Crim. App. 1984); see Bahlo v.
State, 707 S.W.2d 249, 251(Tex. App.—Houston [1st Dist.] 1986, pet. ref’d). The
defendant generally has the burden of proof on a motion for new trial. Patrick v.
State, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). In Bahlo, appellant attached
affidavits in support of his motion for new trial and, at the hearing on his motion,
requested that the trial court review the affidavits. Bahlo, 707 S.W.2d at 251. 
Although Bahlo never formerly offered the affidavits into evidence at the hearing, the
State did not object to the trial court “reviewing” the affidavits. Id. During the
hearing, Bahlo’s attorney asked that the affidavits be filed with the motion for new
trial and “made part and parcel of our motion.” Id. The trial court indicated that the
affidavits “may be made a part of the record.” Id. Again, the State did not object. 
Id. Under those facts, we held that because the parties and the trial court treated the
affidavits as if they had been offered in evidence, they were evidence. Id. at 252.
          Here, the record shows appellant never offered the affidavits by family
members alleging appellant’s diminished mental capacity or appellant’s medical
records into evidence at the hearing on his motion. Nonetheless, during the motion
for new trial hearing, the State did not object when the trial court indicated it had
reviewed the affidavits and medical records and treated them as having been
admitted.


 Accordingly, we consider the affidavits and medical records, which were
impliedly admitted into evidence as if formally admitted into evidence. Pitts v. State,
916 S.W.2d 507, 509-10 (Tex. Crim. App. 1996).
          A person is incompetent to stand trial if the person does not have: (1) the
sufficient present ability to consult with that person’s lawyer with a reasonable degree
of rational understanding or (2) a rational as well as factual understanding of the
proceedings against the person. Tex. Code Crim. Proc. Ann. art. 46.02 § 1(a) 
(Vernon Supp. 2003). A defendant is presumed competent to stand trial and shall be
found competent to stand trial unless he is proved incompetent by a preponderance
of the evidence. Id. § 1(b).
           Generally, unless an issue is made of the defendant’s mental incompetency at
the time of a guilty plea, the trial court is not required to inquire or hear evidence on
that issue. Kuyava v. State, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976). A
defendant may, however, challenge his competency to stand trial in a motion for new
trial on a plea of guilty. Edwards v. State, 993 S.W.2d 171, 175 (Tex. App.—El Paso
1999, pet. ref’d); cf. Purchase v. State, 84 S.W.3d 696, 698 (Tex. App.—Houston [1st
Dist.] 2002, pet ref’d) (holding competency can be raised for the first time by motion
for new trial post-jury conviction); Ex parte Yarborough, 607 S.W.2d 565, 566 (Tex.
Crim. App. 1980) (holding competency can be raised for the first time by post-trial
writ of habeas corpus). We conclude that a defendant may challenge his competency
to stand trial in a motion for new trial on a plea of true to a motion to revoke
community supervision. 
           When the competency issue is raised in this manner, the trial court applies the
traditional standard to determine whether to grant a motion for new trial. Edwards,
993 S.W.2d at 176; see Purchase, 84 S.W.3d at 699. In other words, the trial court
has broad discretion in judging the credibility of the witnesses and in weighing the
evidence to determine whether a different result would occur upon retrial. 
Dusenberry v. State, 915 S.W.2d 947, 949-50 (Tex. App.—Houston [1st Dist.] 1996,
pet. ref’d). We review a trial court’s decision denying a motion for new trial for
abuse of discretion, considering all of the competency evidence presented at the
hearing on the motion for new trial. Edwards, 993 S.W.2d, at 176.  
          In his motion for new trial, appellant attached numerous affidavits from
witnesses claiming appellant had diminished mental capacity. Notably, all of the
witnesses submitting affidavits on appellant’s behalf were related to him by blood or
marriage. All of the witnesses were lay witnesses, offering opinion testimony based
upon their perceptions of appellant’s diminished mental functioning. Under Texas
law, if a witness is not testifying as an expert, the witness’s testimony in the form of
opinions or inferences is limited to those opinions or inferences that are (a) rationally
based on the perception of the witness and (b) helpful to a clear understanding of the
witness’s testimony or the determination of a fact in issue. Tex. R. Evid. 701. When,
as here, lay witnesses allege that appellant suffers from “Post Dramatic [sic] Stress
Syndrome,” and symptoms of both Alzheimer’s disease and Parkinson’s disease, it
is not an abuse of discretion for the trial court to reject that testimony. See Taylor,
945 S.W.2d at 297.  
          Appellant also filed medical records in support of his motion for new trial. 
Appellant’s medical records from Spring 2002 indicate that, while appellant exhibits
some “Parkinsonian features,” his primary problem is that of “essential tremor.”


 We
conclude that the trial court did not abuse its discretion in finding that the affidavits
and medical records attached to appellant’s motion for new trial were insufficient to
defeat the presumption that appellant was competent at the time of his plea. 
           Moreover, the trial court was entitled to balance the evidence in the affidavits
against the record from appellant’s plea of true, including the trial court’s own
observations of appellant at the time of the plea. See Edwards, 993 S.W.2d at 176. 
During the hearing on the motion to revoke community supervision, the trial court
considered the motion, appellant’s plea of true, and any supporting evidence. The
record reflects that the trial court asked appellant if he had anything to say related to
sentencing, and appellant did not. Appellant signed under oath a stipulation of
evidence at the time he pled true to the State’s motion to revoke community
supervision. That document, also signed by appellant’s attorney, the prosecutor, and
the trial court, reads in pertinent part, “I understand the allegations set out in the
attached State’s motion and judicially confess that it is true and that I violated the
terms and conditions of my probation as stated in the attached State’s motion.” 
Having observed appellant both at the hearing on the State’s motion and at the motion
for new trial, the trial court was sufficiently positioned to determine whether appellant
was competent to plead guilty. See Kuyava, 538 S.W.2d at 628; see also Edwards,
993 S.W.2d at 176. We hold that the trial court was within its discretion to deny
appellant a new trial on the motion to revoke probation based upon incompetency. 
            We overrule appellant’s first and second issues.     
Ineffective Assistance of Counsel
          In his third issue, appellant asserts that his trial counsel was ineffective for
failing to investigate the effect of appellant’s mental condition and allowing appellant
to plead guilty to the DWI offense and to plead true to the State’s motion to revoke
community supervision. 
          To prove ineffective assistance, a defendant must show, by a preponderance of
the evidence, that (1) counsel’s performance was so deficient that he was not
functioning as acceptable counsel under the Sixth Amendment and (2) there is a
reasonable probability that, but for counsel’s error or omission, the result of the
proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct. 2052, 2064-69 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999). The defendant must overcome the strong presumption that the
challenged action might have been sound trial strategy. Thompson, 9 S.W.3d at 813. 
We will normally not speculate to find trial counsel ineffective when the record is
silent as to counsel’s reasoning or strategy. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). 
          For the reasons discussed above, appellant cannot at this time raise a claim of
ineffective assistance of counsel in connection with his initial guilty plea and
conviction; and we will not address the merits of that part of his complaint. 
Furthermore, appellant’s claim of ineffective assistance of counsel at the time of the
revocation of community service is not supported by the record. Nothing in the record
indicates trial counsel’s rationale for choosing not to allege diminished capacity. We
agree with the State that trial counsel may well have investigated appellant’s mental
condition and, based on the facts of the investigation, decided appellant was
competent to stand trial. Holding trial counsel ineffective on this record would require
us to speculate, which we decline to do. See Gamble, 916 S.W.2d at 93. We hold that
appellant has failed to show by a preponderance of the evidence that his trial counsel
was ineffective. Accordingly, we overrule appellant’s third issue. Conclusion
           We affirm the judgment of the trial court.
 
 
                                                                                  Sherry Radack
                                                                                  Chief Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Publish. Tex. R. App. P. 47.2(b).