**Carlos GODOY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–02–00902–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 16, 2003.

Rehearing Overruled Dec. 30, 2003.

Leslie Werner de Soliz, Victoria, TX, William Patterson, Pasadena, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney—Harris County, Donald W. Rogers, Jr., Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## OPINION

SHERRY RADACK, Chief Justice.

Appellant, Carlos Godoy entered a negotiated plea of guilty to a felony charge of driving while intoxicated (DWI) and was sentenced for five years' confinement, suspended to five years' community supervision, and a $500 fine. A year later, the State moved to revoke community supervision for appellant's violation of the terms of his community supervision. After appellant pleaded true to the State's allegations, the trial court revoked his probation and assessed punishment at two years' confinement and a $500 fine.

Appellant complains on appeal that the trial court abused its discretion in denying his motion for new trial, which alleged appellant did not have the requisite mental capacity to plead guilty to the initial DWI or to plead true to the motion to revoke community supervision. Appellant further argues that trial counsel was ineffective for failing to investigate and raise the issue of appellant's mental condition. We affirm.

## BACKGROUND

Appellant was charged with the felony offense of driving while intoxicated. Appellant waived his constitutional rights, stipulated that the allegations in the indictment were true, and entered a plea of guilty pursuant to a plea bargain, in which he was placed on five years' community supervision. The trial court admonished appellant of the consequences of his plea in writing and appellant waived his right to appeal.

Less than a year later, the State filed a motion to revoke community supervision, alleging that appellant violated the conditions of his community supervision by failing to pay fines and fees and driving while his driver's license was suspended. Appellant filed a "Stipulation of Evidence,"

which included a waiver of his rights, a judicial confession, and a stipulation that the allegations in the State's motion to revoke community supervision were true. In a hearing on the State's motion to revoke, the trial court found the allegations in the State's motion were true, revoked appellant's community supervision, and assessed appellant's punishment at two years' confinement and a $500 fine.

Appellant filed a motion for new trial, alleging that due to his diminished mental state, his plea of true was "not knowingly and voluntarily done." In support of his motion, appellant submitted 11 affidavits from family members, all declaring a deterioration in appellant's mental function. He also submitted medical records from two physicians. The trial court reviewed the motion, attached documents, and affidavits, and, overruled appellant's motion. Appellant timely filed a written notice of appeal.

## DISCUSSION

In his first and second issues, appellant complains that the trial court abused its discretion by denying his motion for new trial, arguing that appellant did not have the requisite mental capacity to plead guilty, knowingly and voluntarily, to the initial DWI, or to plead true to the motion to revoke community supervision.

### Initial Conviction

In his first issue, appellant asks that we reverse his initial conviction for DWI, contending that his plea of guilty was not voluntary due to his "diminished mental capacity" and that he was denied effective assistance of counsel because his trial counsel did not adequately investigate appellant's mental condition and improperly advised him to plead guilty.

■ Under Texas law, a defendant placed on community supervision may raise issues relating to the conviction only in appeals taken when community supervision is originally imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.Crim. App.1999); *see also* TEX.CODE CRIM. PROC. ANN. art. 42.12 (Vernon Supp.2003) ("The right of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall be accorded the defendant *at the time he is placed on community supervision.*") (emphasis added). In other words, issues relating to a defendant's conviction may not be raised in appeals filed after community supervision is revoked. *Manuel*, 994 S.W.2d 658 at 661–62.[1]

■ Furthermore, appellant waived his right to appeal his original DWI conviction when he pleaded guilty. *See Buck v. State*, 45 S.W.3d 275, 278 (Tex.App.-Houston [1st Dist.] 2001, no pet.). Thus, even if appellant had not waived his right to appeal at the time of the plea, he subsequently waived any right by waiting until after his community supervision was revoked to present his complaints relating to his conviction. *See Manuel*, at 661–62.

### Motion to Revoke

■ In his second issue, appellant contends that, because he was incompetent when he pleaded true, the trial court erred in denying his motion for new trial on the revocation of community supervision. We review a trial court's denial of a motion for new trial for abuse of discretion. *Salazar v. State*, 38 S.W.3d 141, 148 (Tex.Crim. App.2001). The trial court is given great deference, and may be overruled only if its decision is arbitrary or unreasonable.

*Lewis v. State*, 911 S.W.2d 1, 7 (Tex.Crim. App.1995).

■ The credibility of witnesses is primarily a determination for the trial court. *Taylor v. State*, 945 S.W.2d 295, 297 (Tex.App.-Houston [1st Dist] 1997, pet. ref'd). Accordingly, the trial judge may accept or reject any or all of the witnesses' testimony. *Id.* The trial judge is not required to believe a defendant's testimony or evidence simply because it is uncontroverted. *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Crim.App. [Panel Op.] 1978); *Messer v. State*, 757 S.W.2d 820, 828 (Tex. App.-Houston [1st Dist.] 1988, pet. ref'd.). We afford almost total deference to a trial court's determination of historical facts that the record supports, especially when the findings are based on the evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997).

■ In a motion for new trial, a trial court may receive evidence by affidavits. TEX.R.APP. P. 21.7. However, affidavits supporting the motion must be offered into evidence. *Lamb v. State*, 680 S.W.2d 11, 13 (Tex.Crim.App.1984); *see Bahlo v. State*, 707 S.W.2d 249, 251 (Tex.App.-Houston [1st Dist.] 1986, pet. ref'd). The defendant generally has the burden of proof on a motion for new trial. *Patrick v. State*, 906 S.W.2d 481, 498 (Tex.Crim.App. 1995). In *Bahlo*, appellant attached affidavits in support of his motion for new trial and, at the hearing on his motion, requested that the trial court review the affidavits. *Bahlo*, 707 S.W.2d at 251. Although Bahlo never formerly offered the affidavits into evidence at the hearing, the State did not object to the trial court "reviewing" the affidavits. *Id.* During the hearing, Bahlo's attorney asked that the affidavits be filed

---

1. Texas recognizes two exceptions to the general rule: (1) the void-judgment exception, and (2) the habeas corpus exception. *Nix v.* State, 65 S.W.3d 664, 667 (Tex.Crim.App. 2001). Neither exception is applicable to appellant.

with the motion for new trial and "made part and parcel of our motion." *Id.* The trial court indicated that the affidavits "may be made a part of the record." *Id.* Again, the State did not object. *Id.* Under those facts, we held that because the parties and the trial court treated the affidavits as if they had been offered in evidence, they were evidence. *Id.* at 252.

 Here, the record shows appellant never offered the affidavits by family members alleging appellant's diminished mental capacity or appellant's medical records into evidence at the hearing on his motion. Nonetheless, during the motion for new trial hearing, the State did not object when the trial court indicated it had reviewed the affidavits and medical records and treated them as having been admitted.[2] Accordingly, we consider the affidavits and medical records, which were impliedly admitted into evidence as if formally admitted into evidence. *Pitts v. State,* 916 S.W.2d 507, 509–10 (Tex.Crim. App.1996).

A person is incompetent to stand trial if the person does not have: (1) the sufficient present ability to consult with that person's lawyer with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings against the person. TEX.CODE CRIM. PROC. ANN. art. 46.02 § 1(a) (Vernon Supp.2003). A defendant is presumed competent to stand trial and shall be found competent to stand trial unless he is proved incompetent by a preponderance of the evidence. *Id.* § 1(b).

 Generally, unless an issue is made of the defendant's mental incompetency at the time of a guilty plea, the trial

court is not required to inquire or hear evidence on that issue. *Kuyava v. State,* 538 S.W.2d 627, 628 (Tex.Crim.App.1976). A defendant may, however, challenge his competency to stand trial in a motion for new trial on a plea of guilty. *Edwards v. State,* 993 S.W.2d 171, 175 (Tex.App.-El Paso 1999, pet. ref'd); *cf. Purchase v. State,* 84 S.W.3d 696, 698 (Tex.App.-Houston [1st Dist.] 2002, pet ref'd) (holding competency can be raised for the first time by motion for new trial post-jury conviction); *Ex parte Yarborough,* 607 S.W.2d 565, 566 (Tex.Crim.App.1980) (holding competency can be raised for the first time by post-trial writ of habeas corpus). We conclude that a defendant may challenge his competency to stand trial in a motion for new trial on a plea of true to a motion to revoke community supervision.

 When the competency issue is raised in this manner, the trial court applies the traditional standard to determine whether to grant a motion for new trial. *Edwards,* 993 S.W.2d at 176; *see Purchase,* 84 S.W.3d at 699. In other words, the trial court has broad discretion in judging the credibility of the witnesses and in weighing the evidence to determine whether a different result would occur upon retrial. *Dusenberry v. State,* 915 S.W.2d 947, 949–50 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd). We review a trial court's decision denying a motion for new trial for abuse of discretion, considering all of the competency evidence presented at the hearing on the motion for new trial. *Edwards,* 993 S.W.2d, at 176.

In his motion for new trial, appellant attached numerous affidavits from wit-

---

**2.** During appellant's hearing, the trial court stated that "[t]he court has reviewed the motion, attached documents and then the extensive affidavits filed by the defense." Defendant's argument extensively referenced the affidavits attached to the trial court's file. The State's argument simply requested the Court hold that no evidence existed of a diminished mental function affecting either of appellant's pleas.

nesses claiming appellant had diminished mental capacity. Notably, all of the witnesses submitting affidavits on appellant's behalf were related to him by blood or marriage. All of the witnesses were lay witnesses, offering opinion testimony based upon their perceptions of appellant's diminished mental functioning. Under Texas law, if a witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences that are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. Tex.R. Evid. 701. When, as here, lay witnesses allege that appellant suffers from "Post Dramatic [sic] Stress Syndrome," and symptoms of both Alzheimer's disease and Parkinson's disease, it is not an abuse of discretion for the trial court to reject that testimony. *See Taylor*, 945 S.W.2d at 297.

■■■ Appellant also filed medical records in support of his motion for new trial. Appellant's medical records from Spring 2002 indicate that, while appellant exhibits some "Parkinsonian features," his primary problem is that of "essential tremor."[3] We conclude that the trial court did not abuse its discretion in finding that the affidavits and medical records attached to appellant's motion for new trial were insufficient to defeat the presumption that appellant was competent at the time of his plea.

■■■ Moreover, the trial court was entitled to balance the evidence in the affidavits against the record from appellant's plea of true, including the trial court's own observations of appellant at the time of the plea. *See Edwards*, 993 S.W.2d at 176. During the hearing on the motion to revoke community supervision, the trial court considered the motion, appellant's plea of true, and any supporting evidence. The record reflects that the trial court asked appellant if he had anything to say related to sentencing, and appellant did not. Appellant signed under oath a stipulation of evidence at the time he pled true to the State's motion to revoke community supervision. That document, also signed by appellant's attorney, the prosecutor, and the trial court, reads in pertinent part, "I understand the allegations set out in the attached State's motion and judicially confess that it is true and that I violated the terms and conditions of my probation as stated in the attached State's motion." Having observed appellant both at the hearing on the State's motion and at the motion for new trial, the trial court was sufficiently positioned to determine whether appellant was competent to plead guilty. *See Kuyava*, 538 S.W.2d at 628; *see also Edwards*, 993 S.W.2d at 176. We hold that the trial court was within its discretion to deny appellant a new trial on the motion to revoke probation based upon incompetency.

We overrule appellant's first and second issues.

### *Ineffective Assistance of Counsel*

In his third issue, appellant asserts that his trial counsel was ineffective for failing to investigate the effect of appellant's mental condition and allowing appellant to plead guilty to the DWI offense and to plead true to the State's motion to revoke community supervision.

---

**3.** According to appellant's medical records, a CT scan of appellant's brain, dated April 8, 2002, indicated "cerebral atrophy with no acute findings." A physical examination of appellant, dated March 22, 2002, indicated an "essentially normal" cortical exam, and "[s]ensory exam and cerebellar function were intact." In the attached letters from appellant's physicians, appellant is diagnosed with "essential tremor."

To prove ineffective assistance, a defendant must show, by a preponderance of the evidence, that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment and (2) there is a reasonable probability that, but for counsel's error or omission, the result of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–96, 104 S.Ct. 2052, 2064–69, 80 L.Ed.2d 674 (1984); *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999). The defendant must overcome the strong presumption that the challenged action might have been sound trial strategy. *Thompson,* 9 S.W.3d at 813. We will normally not speculate to find trial counsel ineffective when the record is silent as to counsel's reasoning or strategy. *Gamble v. State,* 916 S.W.2d 92, 93 (Tex.App.-Houston [1st Dist.] 1996, no pet.).

For the reasons discussed above, appellant cannot at this time raise a claim of ineffective assistance of counsel in connection with his initial guilty plea and conviction; and we will not address the merits of that part of his complaint. Furthermore, appellant's claim of ineffective assistance of counsel at the time of the revocation of community service is not supported by the record. Nothing in the record indicates trial counsel's rationale for choosing not to allege diminished capacity. We agree with the State that trial counsel may well have investigated appellant's mental condition and, based on the facts of the investigation, decided appellant was competent to stand trial. Holding trial counsel ineffective on this record would require us to speculate, which we decline to do. *See Gamble,* 916 S.W.2d at 93. We hold that appellant has failed to show by a preponderance of the evidence that his trial counsel was ineffective. Accordingly, we overrule appellant's third issue.

## Conclusion

We affirm the judgment of the trial court.