

# NUMBER 13-12-00261-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ROBERT ZAMORA,**                                                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

---

## On appeal from the 28th District Court
## of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Perkes
### Memorandum Opinion by Chief Justice Valdez

By one issue, appellant, Robert Zamora, appeals from his conviction for two counts of aggravated sexual assault of a child, a first-degree felony, on the basis that he was denied effective assistance of counsel in violation of the Sixth Amendment. *See* U.S. CONST. amend. VI; TEX. PENAL CODE ANN. § 22.021(a), (e) (West Supp. 2011). We affirm.

## I. BACKGROUND

In 1994, appellant pleaded guilty to two counts of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a). He was given deferred-adjudication community supervision for ten years. In 1999, the term of appellant's community supervision was extended an additional ten years, such that it would expire on October 12, 2014. On December 21, 2011, the State filed a motion to revoke appellant's community supervision, alleging a number of violations, including failure to pay probation and sex offender fees, travelling past several schools, and having contact with his three-year-old niece.

On December 28, 2011, a magistrate judge signed an order finding reasonable cause to believe that appellant had a mental illness and ordering an assessment under article 16.22 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 16.22 (West Supp. 2011). Attached to the order was a jail screening form, dated December 27, 2011, suggesting that an officer at the jail suspected that appellant may be at risk for suicide because of a mental illness. On the form, appellant reported hearing noises or voices, being very depressed, and thinking about killing himself. There is no indication in the record that any mental assessment was ever made.

On March 22, 2012, the trial court held a hearing on the State's motion to revoke. Appellant pleaded true to the allegations of failure to pay and not true to the allegations of improper contact. Cleo Vanaman, appellant's probation officer, testified that appellant had admitted both to her and to a polygraph examiner that he had contact with his three-year-old niece and that he drives by local high schools to look at the girls. Larry Serna, the polygraph examiner, testified that appellant admitted having sexual

2

thoughts about a 15 or 16 year-old student while he was driving past the high schools. According to Serna, appellant admitted going out of his way to drive past high schools and elementary schools to look at the students, thought about having sex with them, and had fantasies about what they looked like naked. According to Serna, appellant has been diagnosed with bipolar disorder, schizophrenia, and depression.

Appellant's mother and sister both testified on his behalf. They testified regarding appellant's contact with his niece. George Phillips, appellant's counselor, also testified on his behalf. According to Phillips, appellant is a paranoid schizophrenic, with post-traumatic stress disorder and depression. Phillips also testified that appellant had been referred to MHMR for psychiatric care and was supposed to be taking medication to reduce his sexual thoughts about children. Phillips testified that appellant also participates in group therapy and individual counseling.

On March 29, 2012, the trial court signed a judgment adjudicating guilt and sentencing appellant to 20 years in prison. This appeal ensued.

## II. ANALYSIS

Appellant challenges his conviction based on ineffective assistance of counsel.

### A. Applicable Law and Standard of Review

Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. 1 § 10; *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051 (West Supp. 2011). To prove ineffective assistance of counsel, the defendant must meet the heavy burden established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, assistance of counsel is ineffective if, in considering the totality of the circumstances: (1) counsel's

3

representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for the attorney's errors, the result of the proceeding would have been different. *Id.*; *Rodriguez v. State*, 899 S.W.2d 658, 665 (Tex. Crim. App. 1995). "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We will not find counsel ineffective when the record is silent as to counsel's reasoning or strategy. *Godoy v. State*, 122 S.W.3d 315, 322 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

## B. Discussion

Appellant's claim of ineffective assistance of counsel is based on his attorney's failure to investigate the possibility of mental illness as reflected in the magistrate's order. Appellant contends that his counsel was ineffective in that he failed to ensure that a mental examination was conducted prior to the hearing on the State's motion to revoke.

Assuming counsel's performance was deficient in this regard, appellant has not shown that the outcome of the proceeding would have been different in the absence of such deficiency. *See Strickland*, 466 U.S. at 687. Appellant's conviction was based on his guilty plea in 1994. Appellant has not raised any complaint regarding the effectiveness of counsel's assistance during the plea proceeding that resulted in him receiving deferred-adjudication community supervision for two first-degree felony offenses involving aggravated sexual assault of a child. To the extent appellant

4

contends that, but for counsel's deficient performance, he would not have pleaded true to the violations of his community supervision alleged in the State's motion to revoke, we note that the State produced independent evidence to prove the truth of the alleged violations. Thus, appellant has failed to show that the outcome of the proceeding would have been different in the absence of counsel's allegedly deficient assistance. Accordingly, appellant's sole issue is overruled.

## III. CONCLUSION

The judgment of the trial court is affirmed.

ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
6th day of December, 2012.