11th Court of Appeals
Eastland, Texas
Opinion
 
Toby Salazar
            Appellant
Vs.                  No. 11-03-00281-CR – Appeal from Brown County
State of Texas
            Appellee
 
            This is an appeal from a judgment revoking community supervision. In August of 1996, the
trial court originally convicted Toby Salazar, upon his plea of guilty, of aggravated assault and
assessed his punishment at confinement for 10 years. However, the trial court suspended the
imposition of the sentence and placed appellant on community supervision for 10 years. After a
hearing on the State’s second motion to revoke, the trial court found that appellant had violated the
terms and conditions of his community supervision, revoked the community supervision, and
imposed a sentence of confinement for 8 years. We affirm. 
Argument on Appeal
            In his sole issue on appeal, appellant contends that he was denied the effective assistance of
trial counsel because his trial counsel did not file within 20 days of his arrest a motion with the trial
court requesting a revocation hearing. Appellant argues that, had a hearing been conducted within
20 days of his arrest, the proceedings would have had a different outcome. We disagree.
Standard of Review
            In order to determine whether appellant’s trial counsel rendered ineffective assistance, we
must first determine whether appellant has shown that counsel’s representation fell below an
objective standard of reasonableness and, if so, then determine whether there is a reasonable
probability that the result would have been different but for counsel’s errors. Strickland v.
Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999); Godoy
v. State, 122 S.W.3d 315 (Tex.App. - Houston [1st Dist.] 2003, pet’n ref’d); Chetwood v. State, 31
S.W.3d 368 (Tex.App. - San Antonio 2000, pet’n ref’d). We must indulge a strong presumption that
counsel’s conduct fell within the wide range of reasonable professional assistance; and appellant
must overcome the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy. Stafford v. State, 813 S.W.2d 503, 508-09 (Tex.Cr.App.1991).
Appellant’s Argument and the Record Before This Court
            The record reflects that the trial court had twice modified the terms and conditions of appel-lant’s community supervision and that the State filed its second motion to revoke on May 8, 2002. 
On May 9, 2002, the trial court issued process for appellant’s arrest. While the record is silent as
to when appellant was arrested, the State does not challenge appellant’s statement in his brief that
he was arrested on July 31, 2003. On September 4, 2003, the trial court conducted the revocation
hearing.
            Appellant basically argues that his trial counsel’s failure to file a motion for hearing was not
only an unreasonable action but also resulted in the revocation of his community supervision. TEX.
CODE CRIM. PRO. ANN. art. 42.12, § 21(b) (Vernon Supp. 2004) provides that, if a defendant is
being held without bond and the defendant files a motion, a hearing on the motion to revoke must
be held within 20 days of the date that the defendant’s motion was filed. Underlying appellant’s
argument is his contention that the September 4, 2003, hearing was not timely. 
            The revocation hearing was held 35 days after appellant’s arrest. At the hearing, appellant
entered pleas of true to the allegations that he failed to report to the Community Supervision and
Corrections Department from January to November 2000 and from January 2001 to April 2002 as
ordered; that he failed to make his whereabouts known as ordered; and that he was $129.50
delinquent in the payment of his court costs, $250.00 delinquent in payment of his probation fees,
and $10,050.00 delinquent in the payment of restitution. When the trial court admonished him on
his pleas of true, appellant repeatedly answered that he understood, that he had not been promised
anything in return for his pleas of true, that there was no deal, and that he was entering the pleas of
true because he committed the alleged violations.
            Joe Shaw, appellant’s probation officer, testified that the last time he had seen appellant face-
to-face was December 2000. Shaw stated that appellant had failed to report for 9 months in 1998,
for 11 months in 2000, for the entire years of 2001 and 2002, and for 8 months of 2003 (the year of
the revocation hearing).
            Appellant testified that he and his counsel had met several times since his arrest and that he
was aware of the risk involved in admitting his violations and in asking the trial court to continue
his community supervision. Appellant admitted that in the past he had been “a very poor
probationer” but stated that he was not a “troublemaker,” that he had changed, that he had “learned
[his] responsibilities,” and that he thought he deserved another chance.
Effectiveness of Trial Counsel
            The trial strategy appears to have been for appellant to admit that he was at fault, to explain
to the trial court that he had changed and was now more responsible, and to ask the trial court to
continue his community supervision. Nothing in the record supports appellant’s contention that, had
he made these statements sooner than 35 days after his arrest, the trial court would have continued
his community supervision instead of revoking it. Trial counsel’s strategy was not only sound but
also followed the desires of appellant. Appellant has not established that trial counsel’s performance
fell below an objective standard of reasonableness. The issue is overruled.
This Court’s Ruling
            The judgment of the trial court is affirmed.
 
                                                                                    TERRY McCALL
                                                                                    JUSTICE
 
September 2, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.