

# NUMBER 13-11-00690-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **JAMES GUY GARNER,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 329th District Court
### of Wharton County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, James Guy Garner, appeals his conviction for one count of continuous violence against the family, a third-degree felony, and two counts of abandoning a child without intent to return, a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 22.041, 25.11 (West 2011). After appellant pleaded guilty to each count, the trial court held a bench trial on punishment and on each count, the trial court sentenced appellant to eight

years of confinement in the Texas Department of Criminal Justice, Institutional Division. The trial court ordered the three sentences to run concurrently. By his sole issue, appellant argues that his counsel provided ineffective assistance during the punishment phase of trial by not objecting to the admission of hearsay. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

During the bench trial on punishment, the State presented testimony from five witnesses and appellant presented testimony from two witnesses. During the State's examination of its first witness, Deputy Christopher French of the Wharton County Sheriff's Department, the State elicited the following testimony:

Q:    Based on your investigation of that disturbance, what took place on that day?

A:    Ms. Kubena advised me that she had been arguing with Mr. Garner and that Mr. Garner became violent and hit her and one of her children with a belt, threw herself, Ms. Kubena and two of her children outside the residence. And while they were outside, they didn't have any—I believe they didn't have any pajamas on.

Q:    Okay. Going back to the belt.

A:    Okay.

Q:    Did he —did she —did your investigation indicate where he hit them with the belt?

A:    I believe on the arms and around the neck, I believe it was.

. . . .

Q:    Now you said a minute ago that the defendant had assaulted Ms. Kubena with a belt and that he had done the same to one of her children and that he threw—I wasn't clear on what happened after that. Would you go—

A:    According to Ms. Kubena, he kicked her and two of her older sons

2

out of the residence and locked them out.

Q:    And when you say "kicked," do you mean literally or figuratively?

A:    Well, Ms. Kubena did advise that her younger son of the two was kicked in the buttocks by Mr. Garner. But as far as being removed from the residence, he removed them from the residence and did not allow them back into the residence.

Appellant's trial counsel did not object to any hearsay contained in Deputy French's testimony. However, before the trial court heard any testimony, the State announced it would call the complainant, Amanda Kubena, as a witness. The record shows that Kubena testified to the same events Deputy French described in the above-quoted testimony and photographs of her injuries were admitted into evidence. In addition, Deputy James Molina of the Wharton County Sheriff's Department described Kubena's injuries based on the observations he made at the time he photographed the injuries.

## II. DISCUSSION

In his sole issue, appellant contends that his trial counsel provided ineffective assistance because he failed to timely object to hearsay in the above-quoted portion of Deputy French's testimony. We disagree.

Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051 (West 2010). This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prove an ineffective assistance of counsel claim, a defendant must show (1) by a preponderance of the evidence, that counsel's performance was so

deficient that he was not functioning as acceptable counsel under the Sixth Amendment, and (2) there is a reasonable probability that, but for counsel's error or omission, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 687–96; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The defendant must overcome the strong presumption that the challenged action might have been sound trial strategy. *Thompson*, 9 S.W.3d at 813. We will not speculate to find trial counsel ineffective when the record is silent as to counsel's reasoning or strategy. *Godoy v. State*, 122 S.W.3d 315, 322 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

When, as in this case, there is no evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient. *See Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *see also Aldaba v. State*, No. 14-08-00417-CR, 2009 WL 1057685, at *5 (Tex. App.—Houston [14th Dist.] April 16, 2009, pet. ref'd). If there is no hearing, or if counsel does not appear at the hearing, an affidavit from trial counsel becomes almost vital to the success of an ineffective-assistance claim. *Stults v. State,* 23 S.W.3d 198, 208–09 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). The Texas Court of Criminal Appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy. *See Andrews v. State,* 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). On a silent record, this Court can find ineffective assistance of counsel only if the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

Appellant's ineffective assistance claim fails because he did not meet his burden under either prong of the *Strickland* test. The record does not show that appellant's counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment. Appellant did not file a motion for new trial or object to the alleged ineffective assistance of counsel in the trial court, and he brings forward no evidence of what counsel's trial strategy may have been. This was a bench trial and counsel may have reasoned that it would have been disadvantageous to raise a hearsay objection when the State's questioning did not necessarily call for a hearsay response and the complainant was going to testify regarding the same events. Trial counsel may have also reasoned that to object would risk losing credibility with the trial court by appearing to unnecessarily obstruct the State's presentation of its case.

With respect to the second *Strickland* prong, appellant fails to point to any evidence in the record that shows a reasonable probability that his punishment would have been decided differently if counsel had made hearsay objections to Deputy French's testimony. *See Thompson*, 9 S.W.3d at 812. Instead, appellant argues that this Court should find he was prejudiced because the testimony was repetitious of other evidence and "[t]his certainly affected the court's decision to impose an eight-year sentence instead of a lower sentence." Appellant adds, "[a]lthough eight years is not at the highest end of the potential range, eight years is still overly severe."

We disagree that the record shows prejudice. Deputy French's testimony in question spans only a small portion of the record. The reporter's record includes nearly one hundred pages of testimony. Kubena's and Deputy Molina's testimony and the

5

photographs were admissible and presented the same facts to the trial court more vividly and in greater detail. On this record, we cannot conclude appellant has met his burden to demonstrate a reasonable probability that but for counsel's alleged error, the outcome of his trial would have been different. *See id.* Appellant's sole issue on appeal is overruled.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
Gregory T. Perkes
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of August, 2012.