

## NUMBER 13-12-00445-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**DAVID LEE ALLEN,**                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

### On appeal from the 2nd 25th District Court
### of Gonzales County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, David Lee Allen, was convicted by a jury of aggravated sexual assault, a first-degree felony, and was sentenced to life imprisonment. *See* TEX. PENAL CODE ANN. § 22.021 (West 2011). By his sole issue, appellant argues that his counsel provided ineffective assistance by not objecting to an expert witness's testimony that as a sexual assault nurse examiner she had "in fact" examined over 1,100 "subjects of sexual assault". We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged with attacking a 67-year-old female in her home on the night of January 9, 2011. The complainant testified that she awoke to find appellant in her bedroom. It was a stormy night and her home had a tin roof; she did not hear appellant break down her door and enter her house. She further testified that appellant proceeded to rape her and beat her with his fists until she lost consciousness. When she awoke, appellant was gone. She called 911 and her son.

The complainant was rushed to the hospital. Her nose, jaw, cheek bones, and some of her teeth were broken and her head had been hit with such force that titanium plates had to be inserted in her skull. At the hospital, she was examined by a sexual assault nurse examiner (SANE nurse). The SANE nurse found bruising and tearing of the complainant's genitals that was consistent with a sexual assault. She also took vaginal swabs which were sent to the Department of Public Safety Crime Lab for DNA analysis. While she was at the hospital, the complainant was presented with a photo line-up, which included a photo of appellant. She identified appellant as her attacker.

At the complainant's home, an officer collecting evidence noticed appellant, who was the complainant's neighbor, standing outside and muttering that the police did not have anything on him. The officer approached appellant and asked if he had anything to say in reference to the case. Appellant replied he did not. After he was arrested, he consented to an oral swabbing for DNA testing. Appellant's DNA matched sperm found on the vaginal swabs that were taken from the complainant's genitals by the SANE nurse after the attack. The likelihood of appellant's DNA matching the sperm found in the complainant was estimated to be 2.71 billion to one.

2

During appellant's trial, the State called the SANE nurse as an expert witness. During direct examination, the SANE nurse testified, in relevant part, as follows:

Q. And have you, in fact, ever examined individuals who have been subjects of sexual assault?

A. Yes, sir.

Q. On few or many occasions?

A. I've done a little over 1,100 cases.

## II. DISCUSSION

By his sole issue, appellant argues the record shows that his trial counsel provided ineffective assistance because he failed to object to the SANE nurse's testimony that she had "in fact" examined over 1,100 "subjects of sexual assault". Appellant argues that the nurse's testimony was misleading to the jury because it gave the jury the impression that she factually determined the complainant was sexually assaulted. Appellant contends that the nurse's testimony invaded the province of the jury, whose job it was to determine the ultimate fact issue of whether or not the complainant was sexually assaulted.

Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051 (West 2010). This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prove an ineffective assistance of counsel claim, a defendant must show (1) by a preponderance of the evidence, that counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment, and (2) there is a reasonable probability that, but for counsel's error or omission, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 687–96;

3

*Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The defendant must overcome the strong presumption that the challenged action might have been sound trial strategy. *Thompson*, 9 S.W.3d at 813. We will not speculate to find trial counsel ineffective when the record is silent as to counsel's reasoning or strategy. *Godoy v. State*, 122 S.W.3d 315, 322 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

When there is no evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient. *See Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *see also Aldaba v. State*, 382 S.W.3d 424, 431 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). If there is no hearing, or if counsel fails to appear at a hearing, an affidavit from trial counsel becomes almost vital to the success of an ineffective-assistance claim. *Stults v. State,* 23 S.W.3d 198, 208–09 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). The Texas Court of Criminal Appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy. *See Andrews v. State,* 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). On a silent record, this Court can find ineffective assistance of counsel only if the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

Appellant's ineffective-assistance claim fails because he did not meet his burden under either prong of the *Strickland* test. With respect to the first *Strickland* prong, to argue successfully that trial counsel's failure to object amounted to ineffective assistance of counsel, appellant must demonstrate, at a minimum, that the trial court would have committed error in overruling the objection if trial counsel had timely objected. *See Ex*

4

*parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011); *Jagaroo v. State*, 180 S.W.3d 793, 800 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) ("Before this court may conclude counsel was ineffective for failure to make an objection, appellant must show the trial court would have erred in overruling the objection."); *see also Brambila v. State*, No. 14-08-00371-CR, 2009 WL 2356674, at *4 (Tex. App.—Houston [14th Dist.] July 28, 2009, pet. ref'd) (mem. op., not designated for publication) (same). Appellant failed to make this showing.

Appellant offers no authority to show that the trial court would have committed reversible error if it had overruled an objection to the nurse's testimony had an objection been made. The SANE nurse was an expert witness for the State. Under Texas Rule of Evidence 702, a "witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." TEX. R. EVID. 702. The portion of the nurse's testimony that appellant finds objectionable was given within the context of the State laying the foundation that the SANE nurse had the requisite education, knowledge, skill, and experience to testify as an expert witness. The nurse's testimony that she had "in fact" examined over 1,100 "subjects of sexual assault" was given immediately after she testified about her education and the number of years she had been licensed as a sexual assault nurse and went to show that she had extensive experience as a sexual assault nurse. The SANE nurse did not state that the complainant was one of the 1,100 "subjects of sexual assault" that she had "in fact" examined. Furthermore, even if the nurse's testimony addressed an ultimate issue of fact to be determined by the jury, it is not objectionable solely for that reason. *See* TEX. R. EVID. 704 ("Testimony in the form of an opinion or inference otherwise admissible is not

5

objectionable because it embraces an ultimate issue to be decided by the trier of fact."). Appellant has failed to satisfy his burden under the first prong of the *Strickland* test.

With respect to the second *Strickland* prong, appellant fails to point to any evidence in the record that shows a reasonable probability that the jury would have found him not guilty of aggravated sexual assault if counsel had objected to the nurse's testimony. Even if the portion of the nurse's testimony which appellant finds prejudicial had been objected to and the objection had been sustained, there still remains overwhelming evidence against appellant. The complainant sustained serious injuries to her head and face as a result of appellant beating her with his fists. There was bruising and tearing on the complainant's genital area and sexual organs which indicated forcible penetration. Appellant's sperm was found inside the complainant's vagina, and the complainant identified appellant as her attacker. On this record, we cannot conclude that appellant met his burden to demonstrate a reasonable probability that but for counsel's alleged error, the outcome of his trial would have been different. *See Strickland*, 466 U.S. at 687-96.

We overrule appellant's sole issue.

## III.  CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of June, 2013.

6