ACCEPTED
03-14-00703-cr
3908470
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/27/2015 9:31:04 AM
JEFFREY D. KYLE
CLERK

NO. 03-14-00703-CR

IN THE

COURT OF APPEALS

FOR THE THIRD SUPREME JUDICIAL DISTRICT

AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/27/2015 9:31:04 AM
JEFFREY D. KYLE
Clerk

TIMOTHY WHEAT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

STATE'S BRIEF

Appeal from the 21ST Judicial District Court
Bastrop County, Texas
Cause 15333
Honorable Christopher D. Duggan

Bryan Goertz
Criminal District Attorney
Kristin Burns Metcalf, Assistant
Criminal District Attorney
Bastrop County, Texas
804 Pecan Street
Bastrop , Texas 78602
State Bar Number 24056654
Phone (512) 581-7125
Fax (512) 581-7133
Kristin.Metcalf@co.bastrop.tx.us

ORAL ARGUMENT REQUESTED

## IDENTITY OF THE PARTIES

Appellant:                                          Timothy Wheat

Appellant's Attorney for trial:                     Neal Pfeiffer
                                                    807 Pecan Street
                                                    Bastrop, Texas 78602

Appellant's Attorney for appeal:                    Chris Dillon
                                                    Post Office Box 446
                                                    Bastrop, Texas 78602

State's Attorneys:                                  Bryan Goertz
                                                    Criminal District Attorney
                                                    Bastrop County, Texas
                                                    804 Pecan Street
                                                    Bastrop, Texas 78602

                                                    Kristin Burns Metcalf, Assistant
                                                    Criminal District Attorney's Office
                                                    Bastrop County, Texas
                                                    804 Pecan Street
                                                    Bastrop, Texas 78602

                                                    Philip L. Hall, Assistant
                                                    Criminal District Attorney
                                                    Bastrop County, Texas
                                                    804 Pecan Street
                                                    Bastrop, Texas 78602

Presiding Judge at trial:                           Honorable Christopher D. Duggan
                                                    423rd Judicial District Court
                                                    Bastrop County, Texas

# TABLE OF CONTENTS

PAGE

IDENTITY OF THE PARTIES...................................................................... i

TABLE OF CONTENTS............................................................................ ii

TABLE OF AUTHORITIES ..................................................................... iii

STATEMENT OF THE CASE ..................................................................... 1

STATE'S ISSUE ........................................................................................ 3

STATEMENT OF FACTS ........................................................................... 4

STATE'S ISSUE  ........................................................................................ 5

**The appellant received effective assistance of counsel.**

PRAYER...................................................................................................... 15

CERTIFICATE OF COMPLIANCE............................................................ 16

CERTIFICATE OF SERVICE .................................................................... 17

# TABLE OF AUTHORITIES

PAGE

CASES

Burrus v. State, 266 S.W.3d 107 (Tex.App.-Fort Worth 2008, no pet.).................. 8

Ex Parte Ellis, 233 S.W.3d 324 (Tex.Crim.App. 2007).......................................... 7

Garcia v. State, 57 S.W.3d 436 (Tex.Crim.App. 2001) .......................................... 8

Godoy v. State, 122 S.W.3d 315 (Tex.App.-Houston [1st Dist.] 2003, pet ref'd)..................................................................................................................... 8

Jackson v. State, 139 S.W.3d 7 (Tex.App.-Fort Worth 2004, pet. ref'd) ................ 8

Lamb v. State, 680 S.W.2d 11 (Tex.Crim.App.1984) cert denied, 470 U.S. 1009, 105 S.Ct. 1372, 84 L.Ed.2d 391 ................................................................. 8

Lopez v. State, 343 S.W.3d 137 (Tex.Crim.App. 2011)......................... 6, 7, 10, 11

Rylander v. State, 101 S.W.3d 107 (Tex.Crim.App. 2003).................................... 8

Strickland v. Washington, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ...................................................................................................................... 6, 7

Thompson v. State, 9 S.W.3d 808 (Tex.Crim.App. 1999) ...................................... 7

Tong v. State, 25 S.W.3d 707 (Tex.Crim.App. 2000) ............................................ 6


TEXAS RULES OF APPELLANT PROCEDURE

Rule 9.4 (e) ............................................................................................................... 16

Rule 9.4 (i)(3) ........................................................................................................... 16

IN THE COURT OF APPEALS

FOR THE THIRD SUPREME JUDICIAL DISTRICT

AT AUSTIN, TEXAS

_____

TIMOTHY WHEAT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

TO THE HONORABLE COURT OF APPEALS:

The State of Texas respectfully submits this brief in support of the appellant's conviction for the offense of Failure to Register as a Sex Offender in Bastrop County, Texas.

## STATEMENT OF THE CASE

On August 6, 2013 a Bastrop County grand jury indicted the appellant for the offense of Failure to Register as a Sex Offender that occurred on or about June 14, 2013 in Cause Number 15333 in the 21st Judicial District Court. (CR, page 6) On October 1, 2013 a jury convicted the appellant. (CR, page 63 and RR 6, page 72) On October 2, 2013 the jury found two enhancement paragraphs to be true and sentenced the appellant to twenty eight years in the Texas Department of Criminal Justice. (CR, page 75 and RR 7, page 7) On October 2, 2013 the trial court sentenced the appellant in accordance with the jury's verdict. (CR, page 76-77 and

RR 7, page 18)  On October 29, 2013 the appellant filed a notice of appeal.  (CR, page 85)  On October 29, 2013 the appellant filed a motion for new trial with three documents attached.  (CR, page 86-93)  The appellant never requested a hearing on the motion for new trial.  The trial court never conducted a hearing on the appellant's motion for new trial.

# STATE'S ISSUE

**The appellant received effective assistance of counsel.**

## STATEMENT OF FACTS

The appellant is a registered sex offender for a reportable conviction for Indecency with a Child by Contact in Cause Number 7847 on February 8, 1993 in Bastrop County, Texas. (RR 5, page 43 and State's Exhibit 2) Investigator Looney began registering the appellant with the Bastrop County Sheriff's Office January 8, 2009. (RR 5, page 51) The appellant had previously registered with another investigator at the Bastrop County Sheriff's Office. (RR 5, page 51) The appellant last registered June 14, 2013 where he reported his address as 204 BJ Mays Road in Bastrop, Texas. (RR 5, page 52) The appellant completed the state mandated registration paperwork with Investigator Looney on June 14, 2013. (RR 5, page 52-58 and State's Exhibits 4-6) On June 21, 2013 Investigator Looney went to the appellant's home to verify his registration. (RR 5, page 63-64) Upon his arrival, Investigator Looney spoke with a man who identified himself as the appellant's half-brother, Jonah Bates Jr. (RR 5, page 63) Mr. Bates allowed Investigator Looney to enter the home and showed Investigator Looney the appellant's old room. (RR 5, page 63-65) Investigator Looney noticed that the home and specifically, this bedroom appeared to be void of any personal objects belonging to the appellant. (RR 5, page 65) The appellant was subsequently arrested in Dewitt County, Texas on June 29, 2013. (RR 5, page 66) On July 10, 2013 Investigator Looney interviewed the appellant in the Bastrop County jail.

4

(RR 5, page 66)   During this custodial interview the appellant admitted both on video and in a written statement that he had not lived at BJ Mays Road for three to four months after he and his brother got into a disagreement, and that he failed to update his registration information with his new address in Austin, Texas.   (RR 5, page 66 and State's Exhibits 1 and 3)   The appellant continued that he knew he was wrong for not updating his registration as required by law.   (RR 5, page 66 and State's Exhibits 1 and 3)   Investigator Looney was then subjected to cross examination including the details of the appellant's work schedule, work related travel, other residents in the home, interview techniques and Mr. Bates Jr.'s criminal history.   (RR 5, page 81-102)   The appellant called four witnesses during the guilt phase of trial to testify about his place of residency, work schedule and work related travel.   (RR 5, page 107-157)

## STATE'S ISSUE

**THE APPELLANT RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL.**

### SUMMARY OF ARGUMENT

The appellant failed to prove that his counsel's representation fell below the objective standard of reasonableness and that any deficient performance prejudiced the appellant.

### ARGUMENT AND AUTHORITIES

To prevail on a claim of ineffective assistance of counsel, the appellant must show his counsel's representation fell below an objective standard of

5

reasonableness, and the deficient performance prejudiced the defense. The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 688, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Unless the appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. Lopez v. State, 343 S.W.3d 137, 142 (Tex.Crim.App. 2011).

To prove deficient performance, the appellant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. To satisfy the first prong, the appellant must prove by a preponderance of the evidence that his trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. Lopez, 343 S.W.3d at 142.

In making an assessment of effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case without the benefit of hindsight. Lopez, 343 S.W.3d at 143. The review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance. Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000). In assessing a claim of ineffective assistance of counsel based on deficient performance, an appellate court

must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, that is, the convicted defendant must overcome the presumption that, under the circumstances, the challenged action or omission might be considered sound trial strategy. Ex Parte Ellis, 233 S.W.3d 324, 330 (Tex.Crim.App. 2007).

If the appellant can show his counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms, the appellant must further show that a reasonable probability, or a probability sufficient to undermine confidence in the outcome, exists that the result of the proceeding would have been different. Lopez, 343 S.W.3d at 142. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687. It is not enough for the defendant to show that the errors had some conceivable effect but that there is a reasonable probability, meaning a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different but for the unprofessional errors of counsel. Strickland, at 687.

An ineffective assistance claim must be firmly founded in the record and the record must affirmatively demonstrate the meritorious nature of the claim. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Direct appeal is usually an inadequate vehicle for raising such a claim because the record is

7

generally undeveloped.  Id.  Trial counsel should be afforded an opportunity to explain his actions before being denounced as ineffective.  Rylander v. State, 101 S.W.3d 107, 111 (Tex.Crim.App. 2003).  If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.  Garcia v. State, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001).  If any reasonably sound strategic motivation can be imagined the appellate court should not find counsel's performance deficient.  Garcia, 57 S.W.3d at 440.

A motion for new trial is not self-proving.  Lamb v. State, 680 S.W.2d 11, 13 (Tex.Crim.App.1984) cert denied, 470 U.S. 1009, 105 S.Ct. 1372, 84 L.Ed.2d 391.  During a hearing on a motion for new trial, a trial court may receive evidence by affidavits.  Godoy v. State, 122 S.W.3d 315, 319 (Tex.App.-Houston [1st Dist.] 2003, pet ref'd).  An affidavit attached to the motion, however, is merely a pleading that authorizes the introduction of supporting evidence and is not evidence itself.  Jackson v. State, 139 S.W.3d 7, 20 (Tex.App.-Fort Worth 2004, pet. ref'd).  To constitute evidence, the affidavit must be introduced as evidence at the hearing on the motion.  Id.  Relying on affidavits attached to a motion for new trial without a hearing does not constitute evidence supporting a claim of ineffective assistance of counsel.  Burrus v. State, 266 S.W.3d 107, 113 (Tex.App.-Fort Worth 2008, no pet.).

In this case, the appellant filed a motion for new trial with three documents attached. (CR, page 86-93) The appellant never requested a hearing on his motion for new trial. Instead the appellant cites these documents in his brief to the court as if they are fact with only a clerk's stamp for approval. (Appellant's Brief page 11-13).

The appellant complains that his counsel failed to complete an adequate investigation and discover impeachment evidence. (Appellant's Brief page 18) Appellant alleges that trial counsel should have known that Jonah Bates, Jr. would have testified differently in front of the jury than his written statement provided to law enforcement. (Appellant's Brief page 19) Appellant concedes however, that trial counsel did speak with Jonah Bates, Jr. during trial and that Mr. Bates affirmed that he would testify consistently with his written statement. (Appellant's Brief page 19) The appellant now seeks the court to evaluate trial counsel's effectiveness based on the untested affidavit of Jonah Bates Jr. after Mr. Bates' half-brother had been sentenced to twenty eight years in the Texas Department of Criminal Justice. (Appellant's Brief page 19) The court's record is silent as to any details regarding these allegations. The documents attached to a motion for new trial are the sole support for the contention of ineffective assistance of counsel. The affidavits are untested in any court of law.

The appellant had the opportunity to supplement the record for the court and

chose to produce no evidence explaining the actions of his trial counsel. Therefore, the appellant failed to show his trial counsel's representation fell below an objective standard of reasonableness. Lopez, 343 S.W.3d at 143-4.

The record does show that the appellant's counsel presented evidence that Jonah Bates, Jr. was unreliable and untruthful in front of the jury. Counsel specifically asked Investigator Looney during cross examination if he had ever met Jonah Bates before the date of the home visit. (RR 5, page 83) Counsel asked if Investigator Looney was aware if Jonah Bates had a criminal history or not. (RR 5, page 83) Counsel asked if it would have made a difference to Investigator Looney if he found out that Jonah Bates, Jr has a criminal history and was recently on felony probation in Bastrop County, Texas. (RR 5, page 83) Counsel also pointed to the fact that Investigator Looney only spoke to one resident of the home and that resident had a criminal history. (RR 5, page 101) The appellant's trial strategy was to discredit Jonah Bates as a criminal and a liar.

The appellant continued to execute a trial strategy to discredit Jonah Bates Jr. as an unreliable witness during his direct examination of Regina Bates. Ms. Bates testified that she was aware Jonah Bates Jr. told the police that the appellant had moved. (RR 5, page 132) Ms. Bates continued that Jonah Bates Jr. was outside the courtroom in the hallway while she was on the witness stand. (RR 5, page 132) According to Ms. Bates there was no reason her brother Jonah could not testify.

10

(RR 5, page 132)  Ms. Bates continued that if Jonah Bates Jr. testified that the appellant had moved away from the house in 2013 consistent with his statement that he would be telling the truth.  (RR 5, page 132)  She painted a picture that Jonah Bates Jr. did believe he was telling the truth when he gave his statement to the police but that he was simply mistaken.  (RR 5, page 133)

If the court finds from reviewing the record without the benefit hindsight that error did occur, the record is silent as to the strategy of the appellant's trial counsel. An almost endless list of possibilities exists to explain the decisions an attorney makes during trial.  For example, during voir dire, some experienced trial attorneys prefer to watch the reactions of a jury panel to provocative questions to better make their strikes.  Some experienced trial attorneys like to cross examine an expert to gain agreement from the State's expert and use the expert to make points that help their client.  Some experienced trial attorneys do not want to alienate a jury with continuous objections that do not benefit their client.

Finally, the court must not only find the appellant's trial counsel's representation fell below an objective standard of reasonableness, but that the appellant must further show that a reasonable probability, or a probability sufficient to undermine confidence in the outcome, exists that the result of the proceeding would have been different.  Lopez, 343 S.W.3d at 142.

The appellant complains that if trial counsel had done an adequate

11

investigation he would have known Jonah Bates Jr.'s testimony would have been that the appellant continued to reside at the residence but that he rarely saw him because of different work schedules. (Appellant's Brief page 21) This requires that the court assume this post trial affidavit is true. This is an assumption since this affidavit has never been evaluated by the trial court and the state has never been given the opportunity to challenge the veracity of Jonah Bates Jr.'s statements. Even if this affidavit was true and Jonah Bates Jr. would have testified consistent with the post-trial affidavit, the appellant has not shown that this testimony would have swayed the jury.

Four witnesses, who unlike Jonah Bates Jr., had never given conflicting statements testified on behalf of the appellant during the guilt phase of trial. These included Jonah Bates, Sr., Regina Bates, Daron Manor and Teri Bates. (RR 5, page 107-160) Jonah Bates, Sr. is the appellant's father who has resided at 204 BJ Mays Road for approximately thirty three years. (RR 5, page 108) At the time of the alleged offense Mr. Bates reports that the appellant along with his other son, Jonah Bates Jr., daughter Regina and the family of Jonah Bates Jr. all lived at the residence together. (RR 5, page 109) Jonah Bates Sr. testified that the appellant began living at the residence in 2008 and remained at the residence until his arrest in 2013. (RR 5, page 110) Mr. Bates testified about the appellant's employment with Nixon Enterprises, the appellant's work out of the county and his work schedule which

12

took him away from the home during the week. (RR 5, page 110-111) Mr. Bates, Sr. further testified regarding the appellant's use of the family kitchen and identified photograph of the home and the appellant's bedroom. (RR 5, page 110-111) Mr. Bates, Sr. acknowledged that the appellant was in Austin on the weekends and that most of his testimony was based on information his daughter Regina had conveyed to him. (RR 5, page 118) After reviewing the appellant's written statement Mr. Bates Sr. acknowledged that the appellant told the police he moved from 204 BJ Mays Road three to four months prior to his arrest in 2013. (RR 5, page 124-125)

Regina Bates is the appellant's sister. (RR 5, page 129) At the time of trial Ms. Bates lived at 204 BJ Mays Road and had done so since 1975. (RR 5, page 129) Ms. Bates testified that the appellant lived at 204 BJ Mays Road in June 2013. (RR 5, page 129-130) Ms. Bates testified regarding the appellant's work history and schedule in 2013. (RR 5, page 129-131) Ms. Bates reassured the jury that if Jonah Bates Jr. told them that the appellant had moved away from the home in 2013 and that Mr. Bates Jr. did not know where the appellant was living at the time that Mr. Bates Jr. was being truthful. (RR 5, page 132) Ms. Bates testified that the appellant was not working in June 2013 but that he received his mail at the residence. (RR 5, page 173-139) Ms. Bates would call the appellant when she was not sure when he would return to the home. (RR 5, page 137-139)

Daron Manor is the appellant's former coworker. (RR 5, page 144) Ms.

Manor testified that the appellant lived at his father's house at 204 BJ Mays Road in 2013. (RR 5, page 145-146) Ms. Manor continued that she had personally seen his belonging consisting of a television, computer and clothes in his room during that time period. (RR 5, page 148-149) Ms. Manor was unaware that the appellant had ever lived in Austin, Texas in 2013 or where he lived at the time of trial. (RR 5, page 149-150)

Teri Bates is the appellant's sister. (RR 5, page 153) The appellant lived with her at the time of trial. (RR 5, page 153) Ms. Bates testified that the appellant lived at 204 BJ Mays Road in June of 2013 as evidenced by the fact he received his mail at 204 BJ Mays Road. (RR 5, page 153-154) Ms. Bates also identified the appellant's room at the house and elaborated on the appellant's work schedule in June 2013. (RR 5, page 154-155)

Appellant alleges that trial counsel failed to conduct a proper investigation because he was unaware that Jonah Bates, Jr. would have testified consistent with his affidavit produced after trial and not his affidavit given to the Bastrop County Sheriff's Department in 2013. Appellant failed to show that even if this allegation were true that this was deficient performance or that the deficient performance is supported by the record or that this deficient performance prejudiced the defendant. There is no evidence to support the reasonable probability that the result of the proceeding would have been any different had Jonah Bates Jr. testified pursuant to

14

his post-trial affidavit. The sole supposition given by the appellant to support this contention is the highly suspect post-trial affidavits, which have never been evaluated by a court, and one line from the State's closing argument. Simply posing questions in the form of an appellate brief does not create a record. The record clearly supports that the jury has already heard appellant's "work schedule" argument at great length in the form of the skilled cross examination of Investigator Looney as well as the four witnesses who testified on behalf of the appellant and closing argument of trial counsel.

The appellant's argument on appeal is nowhere to be found in the trial court's record and does not constitute the level of unprofessional conduct to be labeled deficient and denouncing trial counsel as ineffective.

## **PRAYER**

The State prays that this Honorable Court affirm the appellant's conviction for Failure to Register as a Sex Offender.

Respectfully Submitted

/s/ Kristin Burns Metcalf
Kristin Burns Metcalf
Criminal District Attorney's Office
Bastrop County Texas
804 Pecan Street
Bastrop, Texas 78602
State Bar Number 24056654
Phone: 512 581-7125
Fax: 512 581-7133
kristin.metcalf@co.bastrop.tx.us

15

# <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to <u>Texas Rule of Appellate Procedure</u> 9.4(i)(3), the State certifies that the length of this brief is 3301 words. Pursuant to <u>Texas Rule of Appellate Procedure</u> 9.4(e), the State certifies that a conventional typeface 14-point was used to generate this brief.

<u>/s/ Kristin Burns Metcalf</u>
Kristin Burns Metcalf

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above notice was mailed by certified mail to Chris Dillon, Post Office Box 446, Bastrop, Texas 78602, counsel for the appellant, on January 27, 2015.

/s/ Kristin Burns Metcalf
Kristin Burns Metcalf